**DELORME PUBLISHING COMPANY, INC., Plaintiff,**

v.

**The NATIONAL OCEANIC AND ATMO-SPHERIC ADMINISTRATION OF the UNITED STATES DEPARTMENT OF COMMERCE, Defendant.**

Civ. No. 95–94–P–H.

United States District Court, D. Maine.

Dec. 11, 1995.

Gordon H.S. Scott, Eaton, Peabody, Bradford & Veague, P.A., Augusta, ME, for Plaintiff.

Sherri L. Wattenbarger, Richard Visek, Elizabeth A. Pugh, Federal Programs Branch, Civil Division, U.S. Department of Justice, Washington, DC, David R. Collins, Assistant United States Attorney, Portland, ME, for Defendant.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

HORNBY, District Judge.

This case illustrates the challenge of interpreting a statute in a fast-changing technological environment. Everyone knows that the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, was designed to make it possible for citizens to have access to government information. In today's information age, we have come to recognize that the format in which ideas or data are presented is itself "information." So, what is information under the FOIA? Is it the content alone—the words and ideas—or does it include the format? I conclude that information includes format.

Here is the case. It is presented on cross motions for summary judgment, but the material facts on this issue are not in dispute. For years, as all sailors know, the National Oceanic and Atmospheric Administration ("NOAA") has collected data (information) and, from that data compiled paper charts (formatted information) that reveal the depth of the water and a myriad of obstacles, hazards and navigational markers. NOAA makes these charts routinely available to the public, and they are relied upon for successful marine navigation. Recently, NOAA has been trying to bring its services into the computer age with "a new generation of charts and charting systems," by converting paper charts into a digitized format that computers can read. Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply in Support of Defendant's Motion for Summary Judgment ("Def.'s Reply") at 4. Mariners with computerized navigation systems can then combine this chart information with the Global Positioning Satellite System so that they can plot where they are on a computer monitor, with their exact position on the computer screen "chart" located by satellite. The plaintiff, DeLorme Publishing Company ("DeLorme"), is a mapping company that would dearly love to have the digitized information to sell to the public. It has brought this suit under the FOIA to obtain it. NOAA, however, is not yet ready to release the digitized information for a number of reasons, among them that it has reached this stage only through a private contract (cooperative research and development agreement) with a consortium of private companies. (DeLorme lost out on the contract in a public bidding process.) NOAA relies upon a number of exemptions in the FOIA to support its position.

■ In this opinion, I address only one issue. Apart from its FOIA exemption arguments, NOAA argues that it has satisfied the FOIA disclosure requirement because it makes charts available in paper form. Does this public availability of the paper charts satisfy NOAA's obligation, or can DeLorme force NOAA to hand over the digitized information as well? I conclude that NOAA's digitized information is itself an agency record subject to disclosure under the FOIA (assuming no other exemption applies) and that the public availability of the paper charts does not satisfy the agency's statutory obligation to disclose.

The statute directs: "Each agency shall make available to the public *information*...." 5 U.S.C. § 552(a) (emphasis added). The term "information" is not defined. "Information," of course, could mean merely content, in the old sense, or the content with its format, whether that format be paper charts or binary codes that only a computer can understand. The statute goes on, however, to instruct how the information shall be made available. Agencies are directed to publish certain enumerated items, § 552(a)(1); to make other items available for public inspection and copying, § 552(a)(2); and otherwise, upon request, to make "records" available to the public, § 552(a)(3). This last requirement is the one at issue in a FOIA case like this.

"Records," like information, is undefined for our purposes (the one exemption is for records maintained on individuals, § 552(a)), but the term seems to be used interchangeably with the term "document," § 552(a)(4), which is also undefined. "Records" is a broad category. In ordinary language, any formatted information would seem to be a record. "Document" could be narrower. It originally denoted a paper artifact, but computer programmers have appropriated the

term to refer to discrete collections of information within an electronic data base. In fact, NOAA does not dispute that its digitized information is an agency "record" within the meaning of the FOIA.

■ NOAA bases its argument that the paper charts alone are sufficient disclosure under the FOIA on *Dismukes v. Dep't of Interior,* 603 F.Supp. 760 (D.D.C.1984). Considering the "informational content of records" the critical issue, *id.* at 761, that case ruled that an agency that maintained information on both microfiche cards and computer tape did not have to disclose it on computer tape once it disclosed it one the microfiche. *Id.* But the FOIA's concern is for full disclosure of government materials— unless a specific exemption applies. *See Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142, 150–51, 109 S.Ct. 2841, 2846–47, 2850–51, 106 L.Ed.2d 112 (1989). If the materials are subject to disclosure in some format (here, the paper charts), then why not in any other format in which they also exist? Expense and inconvenience to the agency are obvious answers, but Congress seems to have addressed these concerns by providing specific measures for cost recovery. 5 U.S.C. § 552(a)(4)(A); *see also Tax Analysts,* 492 U.S. at 146 n. 5, 109 S.Ct. at 2848 n. 5. In *Tax Analysts,* a case decided after *Dismukes,* the Supreme Court warned against finding any basis for withholding disclosure that does not fit squarely within a specific statutory exemption. 492 U.S. at 150–53, 109 S.Ct. at 2850–53. In that case, the FOIA requester wanted the Justice Department's own collection of tax cases even though it had all the references and could have obtained them—at more expense and inconvenience— elsewhere. The Court nevertheless found the specific exemption list "exclusive" and ruled that to withhold any records not within one of the exemptions was improper. *Id.* at 151, 109 S.Ct. at 2851–52. *See also Petroleum Info. Corp. v. Dep't of Interior,* 976 F.2d 1429, 1437 (D.C.Cir.1992) (FOIA "is largely indifferent to the intensity of a particular requester's need," and there is no relief from an obligation to disclose "simply because information is publicly available elsewhere.").

■ I therefore find the *Dismukes* rationale unpersuasive after *Tax Analysts. See Petroleum Info. Corp.,* 976 F.2d at 1437 n. 11. In *Tax Analysts,* the Supreme Court clearly stated that the FOIA's enumerated exemptions are exclusive and that the Act's exemption under section 552(a) for information "disclosed twice" only applies to "narrow categories of materials" that are inapplicable here. *Id.* at 151–53, 109 S.Ct. at 2852 ("If Congress had wished to codify an exemption for all publicly available materials, it knew perfectly well how to do so."). The Court observed that FOIA does not invest the courts with authority "to engage in balancing, based upon public availability and other factors, to determine whether there has been an unjustified denial of information." *Id.* at 155, 109 S.Ct. at 2853.

■ The conclusion makes good sense. An agency's FOIA duty is to disclose records, and records are formatted information. No one would argue that an agency could refuse to disclose a pie chart or graph, for example, merely because the same "content" is available in statistical tables. Originally, NOAA converted its raw data to a format— paper charts—that was easier than the raw data to use and understand quickly. Now, NOAA's "digital format renders [the data] useable on electronic charting systems." Reply Mem. at 15 n. 15. Therefore, the paper charts—information the human eye can decode—and the binary number strings—instructions a computer can decode to generate an image of a chart on a monitor—are both agency records. They also each add information to the underlying raw data about depths, shoals, buoy locations, etc. in order to make the data more easily usable—by eye, the mind, or the computer. Nothing in the FOIA excuses an agency from disclosing a particular record because it has disclosed the content elsewhere in a different format. I therefore find irrelevant the parties' dispute over whether NOAA's binary codes contain source data not available on the paper charts.

I will wait two (2) weeks to see if the parties are able to resolve their remaining differences. If they are not, I will proceed to

rule upon the various FOIA exemption issues that NOAA has raised.

SO ORDERED.